UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| FRANK T. BAXTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:14-CV-179-TAV-HBG |
| | ) | |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA, JAMES HENRICH, L.P.N., and | ) | |
| DR. SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM OPINION AND ORDER**

This action is before the Court on the Motion to Dismiss or Transfer for Improper Venue filed by defendants Corrections Corporation of America ("CCA") and James Henrich, L.P.N. ("Henrich") [Doc. 4] and plaintiff's motions to transfer venue [Docs. 12, 14]. Upon consideration of the record before it, the Court will transfer this action to the Middle District of Tennessee.

Plaintiff was incarcerated at the Metro-Davidson County Detention Facility, which is in Nashville, Tennessee [Doc. 2 p. 4]. CCA operates the detention facility, and Henrich serves as a licensed practical nurse at the facility [Doc. 4 p. 1]. Plaintiff was provided medical treatment at the detention facility, and that medication treatment, or lack thereof, serves as the basis for his complaint [Doc. 2 p. 4, 6].

Defendants move the Court to either dismiss the action for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure or transfer the action to the Middle

District of Tennessee pursuant to 28 U.S.C. § 1404 [Doc. 4]. In response, plaintiff has asked the Court to transfer the case because he "is a layman, totally ignorant of the law and proper legal form [sic]" [Docs. 12, 14].

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of § 1404(a) is to protect litigants, witnesses, and the public against unnecessary expense and inconvenience. *Mardini v. Presidio Developers*, LLC, No. 3:08-CV-291, 2011 WL 111245, at *6 (E.D. Tenn. Jan. 13, 2011); *Inghram v. Universal Indus. Gases, Inc.*, No. 1:05-CV-19, 2006 WL 306650, at *4 (E.D. Tenn. Feb. 8, 2006). A district court has broad discretion to grant or deny a motion to transfer pursuant to § 1404(a). *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994).

In making a transfer decision under § 1404(a) the Court must determine: "(1) whether the action could have been brought in the proposed transferee division; (2) whether a transfer would promote the interests of justice; and (3) whether a transfer would serve the parties' and the witnesses' convenience." *Maize v. Walden Security*, No. 3:09-CV-81, 2010 WL 1257974, at *2 (E.D. Tenn. Mar. 25, 2010); *see also Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) ("[A] district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'").

The Court does not question that plaintiff could have brought this action in the Middle District of Tennessee, as that is the location of the detention facility where plaintiff claims he received inadequate medical care, which is the sole basis for this action. And it appears that the Middle District of Tennessee is where potential witnesses are located. Thus, the Court finds that the interests of justice weigh in favor of a transfer to that district and the Motion to Dismiss or Transfer for Improper Venue [Doc. 4] is **GRANTED IN PART and DENIED IN PART** and plaintiff's motions to transfer [Docs. 12, 14] are **GRANTED**.

Accordingly, in the interests of justice, judicial economy, and convenience of the parties and witnesses, the Clerk is **DIRECTED** to transfer this action to the United States District Court for the Middle District of Tennessee, Nashville Division, at Nashville, Tennessee, pursuant to 28 U.S.C. § 2241(d).

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE