UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FRANK T. BAXTER # 355572, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | No. 3:15-00205 |
| CORRECTIONS CORPORATION ) | Judge Campbell/Brown |
| OF AMERICA, ET AL., ) | |
| ) | |
| Defendants. ) | |

**To:** The Honorable Todd J. Campbell, United States District Judge.

## REPORT AND RECOMMENDATION

The Magistrate Judge **RECOMMENDS** for the reasons explained below that: **1)** this case be **DISMISSED WITH PREJUDICE** under the doctrine of *res judicata*; **2)** all pending motions be **TERMINATED AS MOOT**; **3)** acceptance and adoption of this Report and Recommendation constitute the **FINAL JUDGMENT** in this action; **4)** dismissal of this action count as a **STRIKE** under 28 U.S.C. § 1915(g); **5)** any appeal **NOT** be certified as taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

Plaintiff, proceeding *pro se* and *in forma pauperis*, was a prisoner in the Morgan County Correctional Complex (MCCX) when he brought this action under 42 U.S.C. § 1983 in the Eastern District of Tennessee on May 2, 2014. Plaintiff named the following defendants in this case: 1) Corrections Corporation of America (CCA); 2) Dr. f/n/u Smith; 3) nurse f/n/u Hendrix. (Doc. 2)[1] Plaintiff alleged that CCA, Dr. Smith, and nurse Hendrix provided improper treatment for his foot while he was incarcerated in the Metro-Davidson County Detention Facility (MDCDF) in Nashville.

---

[1] As will become apparent, there are two cases at issue – the case presently before the court, Case No. 3:15-00205, and an earlier case filed by plaintiff, Case No. 3:13-00317. References to the record in the first case – Case No. 3:13-00317 – include the case number.

On July 7, 2014, CCA and nurse Henrich[2] moved in the Eastern District to dismiss the instant case or, in the alternative, to transfer it to the Middle District of Tennessee. (Doc. 4) Corrections Corporation of America and Nurse Henrich argued that "all acts or omissions giving rise to the Complaint took place in Nashville" while plaintiff was incarcerated in MDCDF. (Doc. 4) Four-plus months later, on November 18, 2014, CCA and nurse Henrich filed a motion for summary judgment. (Doc. 15) It was revealed in the supporting memorandum and affidavit of Dr. James Bridges, M.D., that MDCDF did not employ a "Dr. Smith" at the time of the alleged events that gave rise to this action, and that it was Dr. Bridges who actually treated plaintiff at MDCDF during the period in question. (Docs. 16, 19) On March 2, 2015, with the motion for summary judgment still pending, the Eastern District transferred the case to the Middle District. (Doc. 22)

This matter was referred to the Magistrate Judge on March 4, 2015 to, among other things, "recommend disposition" of the pending motion for summary judgment. (Doc. 24) Although the motion for summary judgment remains pending, under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), where the plaintiff is proceeding *in forma pauperis*, "the court shall dismiss [a] case at any time if the court determines . . . the action . . . is frivolous or . . . fails to state a claim on which relief may be granted . . . ." As explained below, the case presently before the court is barred under the doctrine of *res judicata*.

The doctrine of *res judicata* includes two kinds of preclusion: "issue preclusion" and "claim preclusion." *Brooks v. Whirlpool Corp.*, 499 Fed.Appx. 450, 451-52 (6th Cir. 2012)(citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1 (1984)). "Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not

---

[2] Nurse "Hendrix' is identified as James Henrich, a nurse at MDCDF, in the motion.

relitigation of the claim raises the same issues as the earlier suit.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)(quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). "Issue preclusion, in contrast, bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor*, 553 U.S. at 892 (quoting *New Hampshire*, 532 U.S. at 748-49).

Plaintiff filed his first case in this matter on April 9, 2013 while he was incarcerated in MDCDF. *Baxter v. Med. Staff at CCA, et al.*, 3:13-0317 (M.D. Tenn., Apr. 12, 2013, Campbell, J.). Plaintiff named the following defendants in his first case: 1) the CCA medical staff at MDCDF; 2) CCA; 3) nurse f/n/u Hendrix; 4) Warden f/n/u Corlew. A plain reading of the first complaint shows that the alleged acts and/or omissions that gave rise to plaintiff's first case all occurred at MDCDF, they all pertain to treatment he received at MDCDF for his foot, and they all pertain to members of the medical staff at MDCDF responsible for treating his foot. Plaintiff's first case was dismissed *sua sponte* on initial review for failure to state a claim on which relief may be granted. (Case No. 3:13-00317, Docs. 3-4) Final judgment entered April 12, 2013. (Case No. 3:13-00317, Docs. 4-5)

There are four requirements for claim preclusion to apply: 1) a final decision on the merits in the first action; 2) a subsequent action between the same parties or their privies; 3) an issue in a subsequent action which should have been litigated in the prior action; 4) an identity of the causes of action. *In re National Century Financial Enterprises, Inc., Inv. Litigation*, 497 Fed.Appx. 491, 496 (6th Cir. 2012)(citing *Wilkins v. Jakeway*, 183 F.3d 528, 532 (6th Cir. 1999)). As previously noted, there was a final decision in plaintiff's first case. The case presently pending before the court is against the same parties or their privies, the issues in the present case were litigated in plaintiff's first case, and the causes of action in the two cases are identical. For these reasons, the doctrine of claim preclusion applies and, as such, the case presently before the court is barred by the doctrine

3

of *res judicata*.

Because the instant case is barred by the doctrine of *res judicata*, it fails to state a claim on which relief may be granted. The complaint also is frivolous because plaintiff filed the instant case knowing full well that his first case had been dismissed. In short, having failed to obtain the relief sought in the Middle District, plaintiff decided to try his luck in the Eastern District. For these reasons, not only should the instant case be dismissed with prejudice, dismissal of the instant case should count as a "strike" under § 1915(g).[3]

Under Rule 72(b), Fed. R. Civ. P., any party has fourteen (14) days from service of this R&R within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this R&R within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal of this R&R. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this the 5th day of May, 2015.

/s/Joe B. Brown
Joe B. Brown
United States Magistrate Judge

---

[3] Dismissal of this case would constitute plaintiff's second" strike" under § 1915(g). Dismissal of plaintiff's first case counted as a "strike" as well, because it was dismissed for failure to state a claim.